

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

F. # 2008R02060

*271 Cadman Plaza East
Brooklyn, New York 11201*

May 29, 2009

The Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:  United States v. Ralph Nicoletti, et al.
                 <u>Criminal Docket No. 09-002 (CBA)</u>

Dear Judge Amon:

        The government respectfully responds to the sentencing submission of defendant Ralph Nicoletti, filed on April 30, 2009, in which he: (1) disputes facts supporting the application of a two-level upward adjustment for obstruction of justice; and (2) objects to the corresponding denial of a Guidelines level reduction for acceptance of responsibility.  As discussed below, the government is prepared to prove the facts disputed by Nicoletti, which support a finding of obstruction of justice.  In addition, the Court has the authority to deny the defendant a reduction for acceptance of responsibility based on his obstructive conduct.

        The Probation Department applied a two-level enhancement for obstruction of justice based on: (1) Nicoletti and the other defendants' efforts to conceal their illegal conduct by making it appear as if Nicoletti's car windshield had been vandalized; (2) Nicoletti's efforts to dissuade potential witnesses from speaking to law enforcement; and (3) Nicoletti assaulting co-defendant Michael Contreras because Nicoletti believed that Contreras was cooperating with the government.  Presentence Report ("PSR") at ¶¶ 13, 14, 18, 20, 42, 48 and 55.  The Probation Department also found that, based on Nicoletti's obstructive conduct, he was not entitled to a reduction for acceptance of responsibility.  PSR at ¶ 65; Third Addendum to the PSR.

Nicoletti's Obstruction of Justice

In his sentencing submission, Nicoletti does not object to the imposition of the obstruction enhancement based on Nicoletti having attempted to dissuade potential witnesses from cooperating with law enforcement. See Letter of Robert P. LaRusso, Esq. to the Honorable Carol B. Amon, dated April 30, 2009 ("Nicoletti Sent. Ltr.") at 2. Rather, Nicoletti disputes facts relating to the two other bases for the obstruction enhancement, i.e., the vandalism cover story and Nicoletti's assault of Contreras.

With regard to the vandalism cover story, Nicoletti claims that (1) he did not damage his vehicle, and (2) the purpose of the story was to deceive his family and not law enforcement. See Nicoletti Sent Ltr. at 2. The government, however, is prepared to prove that after returning to Nicoletti's home on the night of the assaults, Nicoletti, Garaventa and Contreras scratched Nicoletti's car with a brick and laid the brick next to the car to give the appearance that the car had been vandalized,[1] and that the purpose of this ruse was to conceal the defendants' activities from both Nicoletti's family and law enforcement.

With regard to his assault of Contreras, Nicoletti claims that the assault was not a "premeditated" act stemming from Nicoletti's belief that Contreras was cooperating. Id. Nicoletti argues that the confrontation spontaneously arose when Contreras called Nicoletti to sell him drugs. Id. However, Nicoletti's argument misses the point. Whatever Nicoletti's motivation might have been in going over to Contreras's house, the fact that Nicoletti, after arriving at Contreras's house, called Contreras a "snitch" and assaulted him -- facts that Nicoletti does not dispute -- supports the conclusion that Nicoletti was retaliating against Contreras for his perceived cooperation with the government, or seeking to deter Contreras from cooperating. Nicoletti's claim that he committed the assault because he was "upset with Contreras' repeated solicitations" of drugs (id.) is, therefore, contradicted by the undisputed facts.

---

[1] Even assuming arguendo that Nicoletti and the others did not scratch Nicoletti's car as part of the ruse, they nonetheless created and told the story in order to conceal their crime.

Nicoletti argues that his failure to assault Contreras weeks before the incident when Contreras allegedly told Nicoletti that he (Contreras) was cooperating shows that Nicoletti was not motivated by a desire to retaliate. Id. However, that Nicoletti did not assault Contreras when Nicoletti first learned that Contreras had spoken to the police does not prove that Nicoletti did not act out of a retaliatory motive on the night of the assault. Indeed, on that night, Nicoletti made his motivation clear by calling Contreras a "snitch" just before assaulting him. If anything, the fact that Contreras told Nicoletti that he (Contreras) had spoken to the police corroborates the fact that Nicoletti believed that Contreras was a "snitch."

Thus, the facts of this case support the application of a two-level enhancement for obstruction of justice.

Acceptance of Responsibility

As explained in Application Note 4 for U.S.S.G. § 3E1.1, conduct resulting in an obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." See United States v. Yusuff, 96 F.3d 982, 988 (2d cir. 1996) (upholding district court's denial of acceptance reduction and simultaneous imposition of obstruction enhancement based on defendant's perjury at suppression hearing); United States v. Defeo, 36 F.3d 272, 277 (2d Cir. 1994) (acceptance of responsibility adjustment is generally not warranted where the defendant has obstructed justice). "It takes an 'extraordinary case' to justify the simultaneous application of the obstruction increase and the acceptance decrease." United States v. Giwah, 84 F.3d 109, 112 (2d Cir. 1996); United States v. Echevarria, 33 F.3d 175, 179 (2d Cir. 1994) (only in "extraordinary cases" does defendant receive acceptance reduction while also receiving obstruction enhancement). Furthermore, the simultaneous imposition of an obstruction enhancement and denial of an acceptance reduction, based on the same conduct, does not constitute impermissible double counting. See Echevarria, 33 F.3d at 179 (rejecting double counting challenge to district court's reliance on defendant's false statements both to impose obstruction enhancement and deny acceptance reduction).

As discussed above, an obstruction of justice enhancement is warranted here based on Nicoletti's efforts to conceal the crime and tamper with witnesses during the investigation and prosecution of this case. Although Nicoletti has since pled guilty, that act in itself is not "extraordinary," so as to entitle him to an acceptance of responsibility

reduction.  See, e.g., United States v. Ayers, 416 F.3d 131, 135-36 (2d Cir. 2005) (affirming district court's denial of acceptance of responsibility reduction, despite defendant's guilty plea, based on defendant's obstructive conduct, which occurred prior to the federal investigation).  The Court, therefore, has the authority to deny Nicoletti a reduction for acceptance of responsibility.

          Very truly yours,

          BENTON J. CAMPBELL
          United States Attorney

By: _____
    Pamela K. Chen
    Margo K. Brodie
    Assistant U. S. Attorneys

cc: (via ECF)
    Robert LaRusso, Esq.
    Clerk of the Court